IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBORAH LOUSIE FRAKES,

           Plaintiff,

vs.                                             Case No. 17-2010-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

           Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I.   General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

1

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

Plaintiff filed her application for social security disability benefits on February 26, 2010 (R. at 136). On May 6, 2011, administrative law judge (ALJ) William G. Horne issued the 1st ALJ decision, finding that plaintiff was not disabled (R. at

136-146). On April 27, 2012, the Appeals Council vacated the ALJ decision and remanded it for further consideration (R. at 153-154).

On December 7, 2012, ALJ Dennis LeBlanc issued a 2nd ALJ decision, again denying plaintiff disability benefits (R. at 159-173). The Appeals Council denied the request for review on November 14, 2013 (R. at 1-2). On May 14, 2015, the U.S. District Court for the Western District of Missouri reversed the decision of the Commissioner, and remanded the case for further hearing (R. at 1027-1029).

On September 8, 2016, ALJ Timothy G. Stueve issued the 3rd ALJ decision (R. at 957-969). Plaintiff alleges that she has been disabled since November 17, 2008 (R. at 957). Plaintiff is insured for disability insurance benefits through December 31, 2012 (R. at 959). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date (R. at 959). At step two, the ALJ found that plaintiff has severe impairments (R. at 959). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 960). After determining plaintiff's RFC (R. at 962-963), the ALJ found at step four that plaintiff is unable to perform past relevant work (R. at 967). At step five, the ALJ found that plaintiff could perform other work that exists in significant numbers in the national economy

(R. at 967-968).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 968).

**III. Are the ALJ's physical RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file. Wells v. Colvin, 727 F.3d 1061, 1071 (10th Cir. 2013).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his

RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ's physical RFC findings limited plaintiff to sedentary work, with the ability to occasionally lift 10 pounds. She can stand/walk for 2 hours, and sit for 6 hours in an 8-hour workday. She can occasionally climb ramps or stairs, but can never climb ladders, ropes or scaffolds. She can occasionally balance on level surfaces, stoop, kneel, crouch, and crawl. She can tolerate occasional exposure to extreme cold, extreme heat,

wetness, and humidity. She can occasionally tolerate exposure to vibration. She can occasionally tolerate exposure to atmospheric conditions. She can never tolerate exposure to unprotected moving mechanical parts or unprotected heights. She can work in noise environments up to moderate. She should only occasionally perform telephone communications (R. at 962-963).

In making his physical RFC findings, the ALJ did not cite to, rely on, or consider any medical source opinions regarding plaintiff's physical RFC. Plaintiff argues that the ALJ erred by failing to develop the record by obtaining a medical source opinion regarding plaintiff's physical RFC.

An exact correspondence between a medical opinion and the RFC is not required. In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file. Wells v. Colvin, 727 F.3d 1061, 1071-1072 (10th Cir. 2013).[1] In addition, the ALJ is allowed to engage in less extensive analysis where none of the record evidence conflicts with the ALJ's conclusion that plaintiff can perform work at a certain exertional level. Wall v. Astrue, 561 F.3d 1048, 1068 (10th Cir. 2009); Howard v. Barnhart, 379 F.3d 945, 947 (10th Cir. 2004). However, it should be noted in Wall that the record

---

[1] In Wells, the record contained numerous medical opinions regarding plaintiff's mental and physical limitations. 727 F.3d at 1071-1074.

8

included a "staggering array of experts whose findings are reflected in the record on appeal," 561 F.3d at 1052, including opinions regarding plaintiff's physical RFC.  561 F.3d at 1055, 1057, 1059.  In Howard, the ALJ had before him a consultative examination and report, which supported the ALJ's RFC determination.  379 F.3d at 948.  In the case before the court, there is no medical opinion evidence in the record regarding plaintiff's physical RFC.[2]

Consultative medical examinations may be ordered by the ALJ.  20 C.F.R. § 1512(b)(2), §1519.  The Commissioner has broad latitude in ordering consultative examinations.  Nevertheless, it is clear that, where there is a direct conflict in the medical evidence requiring resolution, or where the medical evidence in the record is inconclusive, a consultative examination is often required for proper resolution of a disability claim.  Similarly, where additional tests are required to explain a diagnosis already contained in the record, resort to a consultative examination may be necessary.  **There must be present some objective evidence in the record suggesting the existence of a condition which could have a material impact**

---

[2] Thus, this case is not like that in Smith v. Colvin, 821 F.3d 1264, 1268 (10th Cir. 2016), in which the ALJ is faced with conflicting medical opinions, and adopts a middle ground, arriving at an assessment between the two medical opinions without fully embracing either one, which was found not to be error.  Nor is this case like that of Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012), in which the ALJ gave weight to a medical opinion regarding plaintiff's RFC, but tempered it in the claimant's favor.  In all of these opinions, the ALJ had at least one medical source opinion regarding plaintiff's RFC.

**on the disability decision requiring further investigation. The claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists. When the claimant has satisfied this burden in that regard, it then becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment.** In a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development. In the absence of such a request by counsel, the court will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record. **The ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability.** Hawkins v. Chater, 113 F.3d 1162, 1166-1168, 1169 (10th Cir. 1997)(emphasis added).

The problem with the lack of medical opinion evidence regarding plaintiff's physical RFC can be easily seen when looking at the previous ALJ decisions. In the 1st ALJ decision in 2011, the ALJ found that plaintiff had severe physical impairments of obesity, hearing disorder, chronic bronchitis and asthma (R. at 138). The ALJ limited plaintiff to light work (R.

10

at 141).  The Appeals Council in 2012 vacated the decision, stating that the ALJ needed to give further consideration to plaintiff's maximum RFC and **provide appropriate rationale with specific references of record in support of the assessed limitations** (R. at 153-154, emphasis added).

In the 2nd ALJ decision in 2012, another ALJ found that plaintiff had no severe physical impairments, and could perform a full range of work at all exertional levels (R. at 161, 165).  On appeal, the U.S. District Court in the Western District of Missouri reversed the 2nd ALJ decision, and held that the Commissioner was ordered to give further consideration to the claimant's maximum RFC and **provide appropriate rationale with specific references to evidence of record in support of the assessed limitations** (R. at 1027-1029, emphasis added).

Now before the court is a 3rd ALJ decision from 2016 finding that plaintiff had severe physical impairments of obesity, hearing disorder, chronic bronchitis, asthma, migraine, diabetes and hypertension (R. at 959).  This ALJ limited plaintiff to sedentary work, with some additional limitations.  None of the 3 ALJ's had before them any medical opinions regarding plaintiff's physical RFC, and all 3 ALJ's came up with very different physical RFC findings.  After the first two ALJ decisions, the Appeals Council, in the first instance, and the U.S. District Court, in the second instance, reversed the ALJ decision, and

11

ordered the Commissioner to give further consideration to plaintiff's maximum RFC **and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations** (R. at 154, 1028-1029, emphasis added).

Both the Appeals Council and the U.S. District Court cited to SSR 96-8p, which stated that the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. Wells v. Colvin, 727 F.3d 1061, 1065, 1069 (10th Cir. 2013). However, despite the mandate of SSR 96-8p, as affirmed in Wells, and the earlier order of the Appeals Council and the U.S. District Court, the ALJ failed to cite to any evidence of record in support of the assessed physical limitations.

An ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised. Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC. SSR 96-8p at *5. As set forth in Hawkins, cited above, there must be present some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation. The claimant has the burden to make sure there is, in the record, evidence sufficient

12

to suggest a reasonable possibility that a severe impairment exists. When the claimant has satisfied this burden in that regard, it then becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment. The ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability.

The 3rd ALJ decision found that plaintiff had numerous severe physical impairments (R. at 959). Thus, the record clearly demonstrates objective evidence in the record indicating a number of physical conditions which could have a material impact on the disability decision requiring further investigation. However, in the absence of any medical opinions regarding plaintiff's physical RFC, three different ALJ's have found that plaintiff is respectively limited to light work, can perform the full range of work, or is limited to sedentary work. The ALJ in the 3rd decision summarized the medical evidence pertaining to plaintiff's physical impairments (R. at 964), but, as in the earlier ALJ decisions, failed to provide specific references to evidence of record in support of his physical RFC findings, or explain why the evidence limits plaintiff to

sedentary work, as opposed to light work, or no exertional limitations at all. On the facts of this case, a consultative examination, or some other medical source opinion(s), could reasonably be expected to be of material assistance in resolving the issue of plaintiff's physical RFC, and whether or not she is disabled. See Williams v. Berryhill, 682 Fed. Appx. 665, 668-669 (10th Cir. March 17, 2017)(The court held that the existing evidence was not sufficient to make a determination of Ms. Williams' claim, noting that there was no medical evidence about her conversion disorder, its severity, and how it affected her ability to function. Even though counsel did not raise the issue of a consultative examination with the ALJ, there was a clear need for such an examination because the ALJ had no evidence upon which to make a finding as to RFC. Therefore, the ALJ should have exercised his discretionary power to order a consultative examination to determine claimant's capabilities or RFC).

On remand, the Commissioner is ordered to obtain medical source opinion or opinions regarding plaintiff's physical RFC, either by recontacting a treating medical source, requesting medical records which may contain a medical source opinion regarding plaintiff's physical RFC, or requesting a consultative examination. 20 C.F.R. §§404.1520b(b)(2). The ALJ could also consider having a medical expert testify at the hearing

regarding plaintiff's physical RFC after reviewing the record.[3] Furthermore, the ALJ could request a state agency assessment by a physician who could review the record and provide a written report setting forth their physical RFC findings and providing a thorough written explanation for their physical RFC findings.

**IV. Are the ALJ's mental RFC findings supported by substantial evidence?**

The ALJ's mental RFC findings limited plaintiff to simple, routine, and repetitive tasks and decisions, with few, if any work place changes with no fast-moving assembly line-type work. She should have no interaction with the public. She can be around coworkers throughout the day, but with only brief incidental interaction with coworkers and no tandem job tasks (R. at 963).

The ALJ considered the opinions of Dr. McKeehan, a non-examining medical source, who reviewed the record, and opined on April 19, 2010 that plaintiff's only limitation was a moderate limitation in the ability to understand and remember detailed instructions (R. at 602). Dr. McKeehan noted that plaintiff needs reminders to take showers and medications, can't go out

---

[3] The U.S. Supreme Court has considered the use of medical advisors at administrative hearings and approved of the concept. Richardson v. Perales, 402 U.S. 389, 408 (1971). Such opinions are competent evidence and in appropriate circumstances may constitute substantial evidence supporting the ALJ's decision. Lopez v. Apfel, 1997 WL 758831 at *2 (10th Cir. Dec. 9, 1997)(ALJ properly relied on opinions of medical advisor and consulting physicians who disagreed with treating physician on issue of disability); Torres v. Secretary of HHS, 870 F.2d 742, 744 (1st Cir. 1989)(the testimony of a medical advisor who reviews the record, testifies and is subject to cross-examination may constitute substantial evidence depending on the circumstances, including the nature of the illness and the information provided to the advisor).

alone because she gets nervous, has no social activities, concentration is harder, understanding is harder, doesn't handle stress or changes in routine well, and has fear of large groups (R. at 600). The ALJ gave great weight to her opinions (R. at 961, 966).

The ALJ also gave consideration to the opinions of advanced registered nurse practitioner (ARNP) Boyd, a treatment provider, who opined in 2011 and 2016 that plaintiff had numerous marked and extreme mental limitations (R. at 749-755, 1535-1536). The ALJ gave little weight to her opinions (R. at 966), setting forth in some detail how, in the ALJ's opinion, the treatment records are not consistent with the limitations found by ARNP Boyd, and further noting that the findings of ARNP Boyd are in a checklist-style form without any rationale for those conclusions (R. at 966-967).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as

adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The ALJ set forth portions of the treatment records which appeared inconsistent with the opinions of ARNP Boyd. The court will not reweigh the evidence. Furthermore, the ALJ noted that the opinions of ARNP Boyd were on a checklist-style form without any rationale for her conclusions. A treating physician's opinions can be rejected if they are brief, conclusory, and unsupported by medical evidence. Williamson v. Barnhart, 350 F.3d 1097, 1099 (10th Cir. 2003); Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988); Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987). The court finds no clear error by the ALJ in his analysis of the evidence, including the medical opinion evidence, pertaining to plaintiff's mental RFC.

However, the court is concerned because the medical evidence relied on by the ALJ is from April 19, 2010, eight years ago. Dr. McKeehan therefore did not have before her six years of treatment records after that date, including the opinions expressed by ARNP Boyd in 2011 and 2016. Because this

case is being remanded for the reasons set forth above, the court will require the Commissioner to obtain an updated medical source report with opinions regarding plaintiff's mental RFC (consultative examination, state agency assessment, and/or a medical expert to testify after reviewing the record).

**V. Did the ALJ err in his analysis of the 3rd party witness statements?**

Plaintiff argues that the ALJ rejected the statements of 3rd party witnesses on legally insufficient grounds. The ALJ gave little weight to those opinions because they were lay opinions, and did not outweigh the accumulated medical evidence. The court will not reweigh the evidence. However, in light of the fact that additional medical opinion evidence will be obtained regarding plaintiff's RFC when this case is remanded, the ALJ should reconsider those statements after considering the additional medical opinion evidence.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 7th day of March 2018, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge